UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-61072-cv-SCOLA/OTAZO-REYES

FEDERAL TRADE COMMISSION,

    Plaintiff,
v.

AMERICAN PRECIOUS METALS,
LLC, *et al.*,

    Defendants.
_____/

### ORDER DENYING FEDERAL TRADE COMMISSION'S MOTION FOR SUMMARY JUDGMENT (AS TO DEFENDANT SAM J. GOLDMAN ONLY)

THIS MATTER is before the Court on Plaintiff, Federal Trade Commission's (the "FTC['s]"), Motion for Summary Judgment [ECF No. 243], filed February 24, 2012. According to the FTC, the undisputed material evidence establishes that Defendants, American Precious Metals, LLC ("APM"), Harry Tanner, Jr. ("Mr. Tanner"), Andrea Tanner ("Ms. Tanner"), and Sam J. Goldman ("Goldman") (collectively "Defendants"), violated section 5(a) of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45(a) (Counts I, II), and various sections of the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310.1–310.9 (Counts III, IV, V), by engaging in unfair and deceptive acts and practices in connection with the marketing and sale of precious metals. Specifically, the FTC maintains that Defendants, through telemarketing and other promotional efforts, misled consumers as to the volatility of, and likely returns on, investments in precious metals. The FTC also contends that Defendants failed to accurately disclose to consumers the true costs—in terms of fees, commissions, interest, etc.—of opening and maintaining an investment account with their business. The FTC seeks both injunctive relief and monetary damages.

Since the filing of the Motion, however, APM and Mr. and Ms. Tanner have reached an agreement with the FTC settling all claims against them. [ECF No. 282]. The agreement is pending final approval by the FTC. Accordingly, this Order resolves the FTC's Motion only as

it relates to Goldman. The Court notes that the Amended Complaint refers to APM, Mr. and Ms. Tanner, and Goldman collectively as "Defendants"—presumably on the premise that Defendants acted in concert, with each individual defendant directly participating in the alleged deceptive conduct. For purposes of this Order, therefore, the Court will treat the FTC's allegations as though directed to Goldman individually.

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "material" if relates to a legal element of the claim and might affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). A dispute is "genuine" if, based on the record as a whole, a rational trier of fact may find for the non-moving party. *See Allen*, 121 F.3d at 646. "When deciding whether summary judgment is appropriate, all evidence and reasonable factual inferences drawn therefrom are reviewed in a light most favorable to the non-moving party." *Witter v. Delta Air Lines*, 138 F.3d 1366, 1369 (11th Cir. 1998).

Section 5 of the FTCA prohibits "unfair or deceptive acts or practices in or affecting commerce . . . ." 15 U.S.C. § 45(a)(1). To prevail on a claim under section 5, the FTC must show that (1) the defendant made a representation or omission; (2) the representation or omission was likely to mislead consumers acting reasonably under the circumstances; and (3) the representation or omission was material. *FTC v. Peoples Credit First, LLC*, 244 F. App'x 942, 944 (11th Cir. 2007) (citing *FTC v. Tashman*, 318 F.3d 1273, 1277 (11th Cir. 2003)).

Similarly, the TSR prohibits any seller or telemarketer from, *inter alia*, misrepresenting, directly or by implication, "[a]ny material aspect of an investment opportunity including, but not limited to, risk, liquidity, earnings potential, or profitability." 16 C.F.R. § 310.3(a)(2)(iii). The rule also provides that, "[b]efore a customer consents to pay for goods and services offered," the seller or telemarketer must "disclose truthfully, in a clear and conspicuous manner": (1) the "total costs to purchase, receive, or use, and the quantity of, any goods or services that are the subject of the sales offer," 16 C.F.R. § 310.3(a)(1)(i); and (2) "[a]ll material restrictions, limitations, or conditions to purchase, receive, or use the goods or services that are the subject of the sales offer." 16 C.F.R. § 310.3(a)(1)(ii). A violation of the TSR likewise constitutes a violation of section 5 of the FTCA. 15 U.S.C. §§ 57a(d)(3), 6102(c); *FTC v. Wash. Data Res.*, 2012 WL 1415323, at *21 (M.D. Fla. Apr. 23, 2012) ("Identical principles of deception from

Section 5 of the FTC Act apply to the TSR, and a violation of the TSR amounts to both a deceptive act or practice and a violation of the [FTCA].").

Individual liability may arise under the FTCA and the TSR where two requirements are satisfied. First, the FTC must prove that the individual directly participated in the corporation's deceptive practices or acts *or* had authority to control them. *FTC v. Gem Merch.*, 87 F.3d 466, 470 (11th Cir. 1996). An individual's "[a]uthority to control a company's practices can be evidenced by active involvement in business affairs and the making of corporate policy, including assuming the duties of a corporate officer." *FTC v. Wilcox*, 926 F. Supp. 1091, 1104 (S.D. Fla. 1995) (Ferguson, J.) (quoting *FTC v. Amy Travel Servs.*, 875 F.2d 564, 573 (7th Cir. 1989)). Moreover, in the case of small, closely-held corporations, an "individual's status as a corporate officer gives rise to a presumption of ability to control . . . ." *Transnet*, 506 F. Supp. 2d at 1270 (quoting *FTC v. Windward Mktg.*, 1997 WL 33642380, *13 (N.D. Ga. Sept. 30, 1997)).

Second, the FTC must prove that the individual had knowledge of the corporation's deceptive practices. *Gem Merch.*, 87 F.3d at 470. The knowledge requirement can be satisfied by demonstrating "actual knowledge of material representations, reckless indifference to the truth or falsity of the corporation's misrepresentations, or an awareness of a high probability of fraud with an intentional avoidance of the truth." *Wilcox*, 926 F. Supp. at 1104. "An individual's participation in corporate affairs is probative of knowledge." *Id.* (citing *FTC v. Kitco of Nev., Inc.*, 612 F.Supp. 1282, 1292 (D. Minn. 1985)).

Here, while the evidence presented by the FTC establishes that APM and its agents engaged in misleading and deceptive practices, and further *suggests* that Goldman personally participated in such practices—for example, by instructing APM's telemarketers how to convey APM's fees and costs to potential investors [ECF No. 243:48]—this suggestion is not sufficient for purposes of summary judgment. Much of the evidence presented by the FTC as to Goldman is either inadmissible or disputed through his declaration. *See* [ECF No. 181:1]. For example, Goldman specifically denies involvement in APM's operations, in its marketing and sales activities, in the supervision and training of its employees, and in the handling of customer complaints. He further claims that his role at APM was "limited to calling Global Asset Management . . . to place customer transactions." *Id.* Under these circumstances, the Court

3

finds that there is a genuine dispute of material fact as to Goldman's individual liability for APM's deceptive practices. Accordingly, it is hereby

**ORDERED** and **ADJUDGED** that the FTC's Motion for Summary Judgment is **DENIED** as to Defendant Sam Goldman. The Court reserves ruling on the Motion as it relates to the remaining defendants. Should the parties' settlement agreement not be approved by the FTC, the Court will revisit the Motion at that time.

**DONE** and **ORDERED** in chambers at Miami, Florida on August 23, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

*Copies furnished to:*
All Counsel of Record

4