UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-61072-cv-SCOLA/OTAZO-REYES

FEDERAL TRADE COMMISSION,

    Plaintiff,
v.

AMERICAN PRECIOUS METALS,
LLC, *et al.*,

    Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO WITHDRAW ADMISSIONS**
**(AS TO DEFENDANT SAM J. GOLDMAN ONLY)**

THIS MATTER is before the Court on Defendants' Motion to Withdraw Admissions Or, In the Alternative, for Relief From Matters Deemed Admitted, and to Strike Plaintiff's Second Notice that Requests for Admissions Should be Deemed Admitted Pursuant to Fed. R. Civ. P. 36(a)(3) ("Motion to Withdraw") [ECF No. 250], filed March 12, 2012. Because the parties have indicated that Defendants American Precious Metals ("APM"), Harry Tanner, and Andrea Tanner have reached an agreement with the FTC settling all claims against them, this Order resolves the FTC's Motion to Withdraw only as it relates to the Admissions of Defendant Sam Goldman ("Goldman").

On January 19, 2012, the FTC served Goldman with 88 Requests for Admission covering subjects ranging from APM's business practices to Goldman's authority to exert control over APM's policies and procedures. [ECF Nos. 244:9]. Goldman did not respond or otherwise object to these requests within 30 days, and, thus, per the terms of Rule 36(a)(3) of the Federal Rules of Procedure, they were deemed admitted.[1] [ECF No. 244].

---

[1] On February 24, 2012, simultaneously with the filing of its motion for summary judgment, the FTC filed a notice indicating that the unanswered requests should be deemed admitted. [ECF No. 244]. As noted by the FTC, Rule 36(a) is self-executing. No motion was required for the FTC's requests to be deemed admitted.

Rule 36(b) provides, however, that "the court may permit withdrawal or amendment [of matters admitted under the Rule] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *See also Perez v. Miami Dade Cnty*, 297 F.3d 1255, 1264 (11th Cir. 2002). The rule thus "emphasizes the importance of having the action resolved on the merits . . . and is satisfied when upholding the omissions would practically eliminate any presentation of the merits of the case." *Id*. at 1266 (internal quotations and citations omitted).

Upon review of the requests for admission and the parties' respective briefs, the Court agrees with Goldman that, in the context of this case, denying the Motion to Withdraw would effectively eliminate his ability to defend the case on the merits, especially as it relates to his alleged liability for APM's practices.[2] The Court likewise agrees that permitting the withdrawal of Goldman's admissions will not prejudice the FTC's ultimate ability to prove its case, since the FTC will have the opportunity to conduct additional discovery, if necessary, before trial. The type of prejudice contemplated by Rule 36 "relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because the sudden need to obtain evidence with respect to the questions previously answered by the admissions." *Smith v. First Nat'l Bank*, 837 F.2d 1575, 1578 (11th Cir. 1988). Here, the FTC has already obtained a substantial amount of evidence through its investigation, and, since the filing of its Motion for Summary Judgment, has received Goldman's responses. The FTC otherwise fails to show (and indeed does not even argue in its brief) how it would be prejudiced by granting Defendants' motion. According, Goldman's Motion to Withdraw Admissions is GRANTED.

**DONE** and **ORDERED** in chambers at Miami, Florida on August 23, 2012.

**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

*Copies furnished to:*
Counsel of Record

---

[2] For example, Goldman would be deemed to have admitted that he: (1) had "the authority to direct the activities of American Precious Metals, LLC" [ECF No. 244:4 ¶ 12]; and (2) was "aware of the prior regulatory and criminal histories of [APM's] telemarketers" [ECF No. 244:4 ¶ 24].